KATHERINE FERBER ET AL., APPELLANTS, V. WALKER D. HINES, DIRECTOR GENERAL, ET AL., APPELLEES.

FILED NOVEMBER 16, 1923. No. 22529.

Adverse Possession: QUIETING TITLE. Unless the evidence preponderates that claimants of title to land by adverse possession and those under whom they assert title have occupied the same for the statutory period, a court of equity is justified in refusing to quiet title in them.

APPEAL from the district court for Dixon county: ANSON A. WELCH, JUDGE. *Affirmed as modified.*

*John L. Webster* and *William M. Burton,* for appellants.

*Wymer Dressler, Robert D. Neely, Paul S. Topping, J. J. McCarthy* and *A. R. Davis, contra.*

Heard before Morrissey, C. J., Letton, Rose and Day, JJ., Shepherd, District Judge.

Letton, J.

This is an action to quiet title to certain real estate consisting of block 49, in the city of Ponca, except lot 4, and to lots 20 and 21, South addition to Ponca. The ownership by plaintiffs of lot 20 is admitted. The court found the title to lots 5 and 6, in block 49, and to lot 21, to be in the defendant, the Farmers Union Cooperative Association, and the title to lot 1 to be in the defendant railway company, and their respective titles were quieted to the respective tracts. Plaintiffs appeal.

Since the ownership of plaintiffs to lot 20 was admitted and is not contested, they are entitled to the relief prayed as to that lot. Plaintiffs claim through Henry Ferber, who died in 1902. He was the husband of one of the plaintiffs and the father of the ward of the other. Their claim is that he was in open, notorious and adverse possession, claiming title to block 49 and all of the land adjoining it on the south as far as the bank of Aoway creek (being lots 20 and 21) for more than 10 years prior to his death; that his title became complete, and that to this they have succeeded. The defendant railway company asserts title to lot 1 (which it is stipulated includes lots 2 and 3) in block 49, by more than 10 years' adverse possession under color of title. The Farmers Union Cooperative Association claims title to lots 5 and 6, in block 49, and also to all of lot 21, by conveyances and by more than 10 years' adverse possession.

As to lots 5 and 6, in block 49, the record shows that the taxes upon the same were paid from the year 1884 to 1919 by persons, claiming ownership, other than the plaintiff or her husband. The taxes on lot 20 have been paid by Mrs. Ferber. The taxes on lot 21 were paid from 1904 to 1918 by other parties than the Ferbers, claiming title. Mrs. Ferber paid taxes from 1904 to 1910 on lots 1, 2, and 3, in block 49. This property was afterwards sold for taxes, and the railroad company now has a quitclaim deed from

the purchaser at tax sale. The evidence on behalf of plaintiffs to establish adverse possession consists almost wholly of statements based upon the recollections of certain witnesses as to the enclosure by a fence of all of block 49 and the two lots adjoining it upon the south. The evidence of these witnesses is not clear and satisfactory. It is fairly definite as to the time where the fence paralleled the railroad track, but it is uncertain and indefinite both as to position, and the time it was maintained elsewhere. Part of the testimony in behalf of plaintiffs was disputed and contradicted by the witnesses for defendants. Considering the facts as to nonpayment of taxes by Mr. Ferber in his lifetime, and by plaintiffs since then, upon a portion of the tract, and considering the uncertainty of the memory of witnesses having no interest in the land, extending back for 25 or 30 years, we cannot say that the plaintiffs have sustained the burden of proof of ownership of more of the real estate involved than lot 20. The proper limits of this opinion will not permit the setting out in detail of the substance of the evidence, and, since the questions are of fact, it would serve no useful purpose either to the profession or to the public to do so.

It seems clear that plaintiffs and Mr. Ferber exercised acts of ownership over a considerable portion of the property involved for some years. It is equally clear that defendants and their grantors have been in adverse possession of the property, claimed respectively by each under color of title, for more than 10 years and have paid taxes upon the same most of the time. The essential proof that the Ferbers were in actual and exclusive adverse possession, claiming title, for 10 years, of the real estate other than lot 20, is lacking. We are of the opinion that the decree quieting title in the defendants is borne out by the evidence. Plaintiffs having prayed that their title to lot 20 be quieted, and this not having been done, the decree of the district court should be modified so as to quiet title to them in that property. The decree, in so far as it quiets title to the other property in the defendants, is affirmed

and the cause is remanded to the district court, with directions to enter a decree quieting the title to lot 20 in the plaintiffs.

AFFIRMED AS MODIFIED.